Jeffrey D. Vanacore
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112
Phone: (212) 262-6900
Facsimile: (212) 977-1649

Attorneys for Petitioner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the matter of: : | |
| : | |
| Petition of Weimin Hu : | Case No: _____ |
| for an Order Authorizing Pre-Complaint : | |
| Depositions and Written Discovery : | |

### MEMORANDUM OF LAW IN SUPPORT OF AN ORDER AUTHORIZING PRE-COMPLAINT DEPOSITIONS AND WRITTEN DISCOVERY TO PERMIT COMMENCEMENT OF INVOLUNTARY BANKRUPTCY

Petitioner, Weimin Hu, by and through his undersigned counsel, submits this Memorandum of Law in support of his Petition seeking pre-complaint discovery under Rule 27(a) of the Federal Rules of Civil Procedure to: (i) perpetuate testimony by deposition; (ii) propound written discovery; and (iii) permit an inspection of the offices of Research[1] and the Cayman Island Fund to permit commencement of an involuntary bankruptcy petition and states as follows:

### FACTUAL BACKGROUND AND RELIEF SOUGHT

Petitioner respectfully refers the Court to the Verified Petition of Weimin Hu, filed herewith, in further support of this application and for the facts pertinent to the instant application. The Verified Petition of Weimin Hu is incorporated by reference herein.

---

[1] All terms not defined herein shall be ascribed the meaning provided in the Verified Petition of Weimin Hu, filed herewith.

LEGAL28190430.4

Prior to filing the Petition, the Petitioner filed a lawsuit seeking the return of the Payment. *See* New York Index No. 651700/2013. The Proposed Deponents raised certain jurisdictional defenses and argued that New Jersey was the proper venue. The Petitioner immediately agreed to a dismissal without prejudice to avoid a protracted jurisdictional fight that had no merit to it and was designed by the Proposed Deponents to delay a ruling on the merits. The New York Supreme Court granted the request for a dismissal without prejudice. The Petitioner has determined that an involuntary bankruptcy proceeding is likely warranted and this Petition now follows.

The only argument the Proposed Deponents have raised in defense of not repaying the Payment is that they believe the Payment was a gift, but have offered no explanation or logical basis for such a conclusion. The Petitioner has never met the Proposed Deponents. Although the Proposed Deponents reference potential gift tax treatment in an email (of which the Petitioner at no time agreed to), no agreement of any kind exists between the parties which would make the Payment a gift. In fact, right after the mention of potential gift tax treatment by the Proposed Deponents, the email trail specifically makes reference to various corporate documents, registration of the fund in the Cayman Islands, and other corporate formalities, all of which rebut any argument the Payment was a gift. Upon information and belief, the Proposed Deponents never filed gift tax returns, which, as a legal matter defeats their gift argument. In the event the Proposed Deponents raise this issue in their response to this Petition, the Petitioner reserves the right to fully brief this issue.

Petitioner submits this Petition under Rule 27(a) of the Federal Rules of Civil Procedure to (i) perpetuate testimony by deposition; (ii) propound written discovery; and (iii) permit an inspection of the offices of Research and the Cayman Island Fund.

# LEGAL ARGUMENT

A.  **PRE-COMPLAINT DISCOVERY IS AUTHORIZED BY FEDERAL RULE OF CIVIL PROCEDURE 27**

1. Discovery before the filing of a lawsuit is authorized by Federal Rule of Civil Procedure 27 which states in relevant part as follows:

   (a) Before an Action Is Filed.

   (1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court[2] may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

   (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;[3]

   (B) the subject matter of the expected action and the petitioner's interest;[4]

   (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;[5]

   (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known;[6] and

   (E) the name, address, and expected substance of the testimony of each deponent.[7]

   *See* Federal Rule of Civil Procedure 27(a)(1)(A)-(E).

---

[2] The term "United States court" as used above is defined to include "…the Supreme Court of the United States, courts of appeals, district courts, *bankruptcy courts*…." Emphasis added. *See* Moore's Federal Practice § 27.10 (2013).
[3] *See* Petition, paragraph 5.
[4] *See* Petition, paragraph 7.
[5] *See* Petition, paragraphs 5, 7 and 8.
[6] *See* Petition, paragraph 6.
[7] *See* Petition, paragraphs 6, 7 and 8.

**B.      THIS COURT HAS JURISDICTION OVER THE PROPOSED DEPONENTS**

2. Rule 27 requires that the "petitioner must show that the contemplated action for which the testimony is being perpetrated will be a matter for which a federal jurisdiction exists." *See* 6-27 Moore's Federal Practice § 27.10 (2013).

3. Here there are two independent grounds for jurisdiction. First, there is diversity, the Proposed Deponents are all residents of New Jersey, while the Petitioner is a residence of China. The amount in controversy is over $75,000.

4. Second, an involuntary bankruptcy can only be sought in Federal Court, specifically, here, the Federal Bankruptcy Court for the District of New Jersey.

**C.      PRE-COMPLAINT DEPOSITIONS AND WRITTEN DISCOVERY IS NECESSARY IN THIS CASE**

5. Rule 27(a) of the Federal Rules of Civil Procedure permits a petition to be brought prior to commencement of an action to perpetuate testimony and obtain documents. Perpetuation of testimony under Rule 27 includes the inspection and production of documents and things, as well as taking deposition testimony. *In re Deiulemar Compagna DI Navigazone, S.P.A.,* 198 F.3d 473, 478 (4th Cir. 1999).

6. Where evidence is necessary to a potential action and is in the sole possession of Respondent (as is its creditors and the status of those debts, as more fully described in the Petition), courts may order the production of the evidence and deposition of witnesses to testify regarding same. *In re Pacific Technology Corp. v. Ehrenwald*, 2000 U.S. Dist. LEXIS 15797 (S.D.N.Y. 2000); *see also Deiulemar Campagna DI Navigazone, S.P.A. at 478* (noting that "perpetuation of testimony includes the inspection of documents and things") and citing *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961).

7.	Courts routinely find that where a respondent is in sole possession of information or evidence that is material and necessary to an action or a defense it can be obtained by way of Rule 27, as is the case here.  *See In re Bay City Middlegrounds Landfill Site v. Kuhlman Electric Corp.*, 171 F.3d 1044 (6th Cir. 1999) (allowing depositions of respondents related to liability); *see also In re Kane County*, 2008 U.S. Dist. LEXIS 61950 (N.D.UT 2008) (allowing depositions under Rule 27(a) of witnesses with historical information necessary to future action for quiet title).

8.	Depositions of the Proposed Deponents is unquestionably necessary because they are the only ones with information that will enable the Petitioner to act pursuant to 11 U.S.C. § 303.

9.	Because the status of the Cayman Island Fund is a critical piece of the discovery sought and potential involuntary petition, and because it appears the Research business is housing the Cayman Island Fund, the Petitioner seeks to, through his authorized representative, inspect the premises and books and records of the Cayman Island Fund and Research.  *See In re 1-35 Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn 2007) (Rule 27 allows inspection of property ).

D.	PETITIONER SATISFIES ALL RULE 27 REQUIREMENTS

10.	The Petitioner seeks to use Rule 27 for the exact purpose it was intended, to perpetuate testimony and propound written discovery to enable it to bring an involuntary petition in the Bankruptcy Court.   Without knowledge of the financial information more fully set forth in the Petition, Petitioner is unable to bring the involuntary petition (and satisfy the requirements of Rule 11).  *See Petition of Alpha Industries, Inc.,* 159 F.R.D. 456 (S.D.N.Y 1995) (finding that satisfying the requirements of Rule 11 is a ground for granting Rule 27 relief).

11. As set forth in the Petition and this Memorandum of Law, the Petitioner satisfies the requirements of Rule 27 set forth in Sections (a)(1)(A)-(E).

12. Federal District Courts have allowed Rule 27 pre-complaint discovery to obtain information necessary to file an involuntary bankruptcy petition. For example, Federal District Court Judge Petrese B. Tucker in the Eastern District of Pennsylvania permitted pre-complaint discovery precisely for the purpose of obtaining information necessary to file an involuntary petition. *See, e.g.,* Judge Tucker's order, dated February 1, 2011, annexed hereto as **Exhibit A**.

## CONCLUSION

Based on the foregoing, Petitioner respectfully requests an Order pursuant to Rule 27(a) of the Federal Rules of Civil Procedure for the following:

   a. Permitting pre-complaint depositions of the Proposed Deponents, as more fully set forth in the Petition;

   b. Permitting written discovery subject to Federal Rules of Civil Procedure 33, 34 and 36;

   c. Permitting inspection of the business premises of Research and the Cayman Island fund;

   d. Requiring the parties to meet and confer pursuant to Rule 26;[8]

   e. Any other relief that the Court deems just and proper.

---

[8] While a Rule 26 meet and confer conference is not required under Rule 27, to avoid discovery disputes the Petitioner proposes using Rule 26 as a mechanism to assist the parties to streamline the discovery and deposition process and to avoid seeking the Court's intervention in discovery related disputes. The Petitioner is open to any other type of procedure or mechanism the Court sees fit to put in place.

6

LEGAL28190430.4

| | |
|---|---|
| Dated: November 21, 2013<br>New York, New York | **PERKINS COIE LLP**<br><br>By: */s/ Jeffrey D. Vanacore*<br>Jeffrey D. Vanacore<br>30 Rockefeller Plaza, 22nd Floor<br>New York, New York 10112<br>Tel.: (212) 262-6900<br>Fax: (212) 977-1649<br>JVanacore@perkinscoie.com<br><br>Attorneys for Petitioner |

LEGAL28190430.4