Michael P. Collins
Bond, Schoeneck & King, PLLC
330 Madison Avenue, 39th Floor
New York, NY  10017
Phone: (646) 253-2318
Facsimile: (646) 253-2301

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------- X
WEIMIN HU,                            :

      Petitioner,              :

  -against-                            :   Civil Action No. 13-cv-7080 (ES) (JAD)

KAIHUA CAI, LIMAN HU and CAI          :   ECF Case
RESEARCH, LLC,
                                      :
      Respondents.
------------------------------------- X

### RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO THE VERIFIED PETITION OF WEIMIN HU FOR PRE-COMPLAINT DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 27

Respondents Kaihua Cai, Liman Hu and Cai Research, LLC ("Respondents) respectfully submit this memorandum of law in opposition to the Verified Petition of Weimin Hu for pre-complaint discovery under Rule 27, Fed. R. Civ. P.

### INTRODUCTION

A misguided ploy.  Though perhaps harsh, that is an accurate description of the Petition for pre-complaint discovery filed on behalf of Weimin Hu.  The Petition asserts that such discovery is necessary to commence an involuntary bankruptcy proceeding.  However, the Petition does not come even remotely close to demonstrating this Circuit's well-established standards governing when a Rule 27 Petition should be granted.

As will be discussed, the Third Circuit Court of Appeals confirmed years ago that the purpose of pre-complaint discovery under Rule 27 is to preserve evidence, not to obtain discovery to formulate a complaint or claim, which, the Petitioner effectively admits, is precisely what he seeks to do. Where, as here, there has been no showing whatsoever that any evidence will be lost or destroyed or that some urgency exists that necessitates pre-complaint discovery, the Petition is defective and should be denied. Moreover, in contrast to the Petitioners in all the cases we have located that granted a pre-complaint petition under Rule 27, Weimin Hu has a simple alternative recourse that would afford him liberal discovery and potentially complete relief – filing a complaint alleging common law claims – something he did once before, although in an improper forum.

In May of this year, Petitioner filed suit against these very same Respondents in New York State Supreme Court alleging, *inter alia*, breach of contract. Why he chose that forum is hard to fathom considering his awareness that all of the activity about which he complained occurred in Jersey City, New Jersey, where his son had lived for nine months under the care of the Respondents. While that suit was, itself defective and quite predictably, dismissed for lack of personal jurisdiction in New York, it also serves to expose the defects in this most recent gambit; in the New York action there was no claim discovery was necessary to preserve evidence nor was there was claim of time urgency. Indeed, and to the contrary, there Weimin Hu sought and obtained multiple extensions of time to respond to the defendants' motion to dismiss.

This Petition is, in reality, a cleverly attempted legal ploy designed to pave a one way street for the Petitioner to march down and scrutinizing the Respondents, while avoiding any

65512.1 12/13/2013

discovery obligations himself. It is flawed in multiple respects and as such, the Respondents respectfully request the Petition be denied.

## FACTUAL SUMMARY

A detailed recitation of the relevant facts is provided in the accompanying Affidavit of Liman "Mimi" Hu and Declaration of Michael P. Collins, both sworn to on December 13, 2013, and incorporated herein by reference. For the Court's convenience, a very brief summary of the facts is provided below.

The Petitioner Weimin Hu sent $300,000 in separate wire transfers between December 9, 2011 and February 1, 2012 to Cai Research in New Jersey based on communications he had with Liman "Mimi" Hu, the wife of Cai Research's founder Kaihua Cai. Mimi Hu's cousin in China had suggested she speak to his friend, Weimin Hu, a wealthy businessman, regarding a potential investment in the currency trading business she and her husband, Kaihua Cai, were contemplating.

Mimi Hu had numerous communications with Weimin Hu over the internet, mostly through Skype. As it turned out, Weimin was not only a sophisticated and successful businessman, but also the father of Miao Hu, a recent graduate of the University of Chicago who had recently obtained a Master's Degree in Financial Engineering. Weimin Hu wanted his son to obtain training and experience that could help launch his career in the United States. Maio had been unable to find suitable employment in the United States after receiving his degree earlier that year.

Over the course of the discussions, it became clear to Mimi Hu that Weimin Hu's primary concern was to create an opportunity for his son. Mimi and her husband agreed they

would provide training and mentor Weimin's son, Miao Hu, in consideration of Weimin Hu's agreement to provide $300,000 in seed money to fund the nascent currency trading business. Weimin repeatedly assured Mimi the money was a no strings attached gift.

Miao Hu arrived in the United States a day or two after Mimi Hu gave birth to her first child. While this was a untimely burden, Mimi and her husband arranged everything for Miao and got him an apartment in the same building in which they lived that served both as Miao's residence and the Company office from which they worked.

Weimin had insisted that no contract, lawyers or paperwork was necessary concerning the $300,000 seed money because it was a gift. He assured Mimi he was a "no trouble guy" and would never pursue legal action. As Mimi trusted Weimin, she relied upon his word that no legal formalities were necessary.

When the trading model was tested in August of that year, it did not provide the anticipated results. They informed Miao he should start seeking employment, as they had no further training to offer him, but they also told Miao he could stay as long as he desired.

At the very beginning of October 2012, Miao Hu returned to China. Shortly thereafter, Weimin Hu's tone abruptly changed and he demanded back any leftover money. Mimi Hu was shocked by this abrupt reversal. She indicated she would send back any leftover funds that may exist after she performed an accounting. Weimin Hu was not satisfied with that answer and demanded the money back immediately. With Miao having returned to China, Mimi Hu felt no obligation to continue her frequent contact with Weimin and she was increasingly offended by his aggressive tone. A short time later, Weimin Hu sent a threatening email to Mimi Hu that she found so disturbing, she reported it to the Jersey City Police.

As the trading model had not performed as hoped, the operations of Cai Trading were shut down as of December 2012.

As described in the Collins Declaration, in May 2012, Weimin Hu brought suit against these same Respondents in New York State Supreme Court, New York County (Collins Decl. Ex. 1), despite knowing they had lived and worked, at all relevant times, in Jersey City, New Jersey, where his son had also resided (with the Respondents) for nine months. That case was predictably dismissed for lack of personal jurisdiction (*id.*, Ex. 2). Significantly, in the New York suit, Weimin Hu never contended any discovery was necessary to preserve testimony. Similarly, while Weimin now claims "[t]here is urgency to this Petition" (Petition, p. 6 ¶ 14), the same was not the case when he sued in New York as he sought and obtained at least three extensions of time to oppose the defendants' motion to dismiss. (*Id*., Ex. 3).

## ARGUMENT

### THE PETITION IS AN IMPROPER ATTEMPT TO OBTAIN GENERAL DISCOVERY; NO SPECIAL CIRCUMSTANCES ARE PRESENT TO SUGGEST ANY TESTIMONY WILL BE LOST IF NOT PRESERVED

In *Ash v. Cert,* 512 F.2d 909 (3d Cir. 1975), the Third Circuit set forth the circumstances necessary to obtain pre-complaint discovery under Rule 27:

> Rule 27(a) provides for perpetuation of testimony prior to trial, Rule 27(b) in turn deals with perpetuation of testimony pending appeal. The scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26. Rule 27 applies…
>
>> to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately…. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time. Petition of Ferkauf, 3 F.R.D. 89, 91 (S.D.N.Y., 1943).

> Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost.

*Id.* at 911 (internal citations omitted).[1]

*Ash* further emphasized that while Rule 27 grants the trial court wide latitude, such discovery is reserved for special circumstances, none of which are present in Weimin Hu's Petition:

> We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost. In addition, the text of the Rule makes it clear that reversal is warranted only when the trial judge has committed an abuse of discretion. The Rule states that the trial court "may allow the taking of the depositions of witnesses to perpetuate their testimony … if the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice…." (Emphasis added.) F.R.C.P. 27(b).

*Id.* at 912.

Numerous other decisions by this Court, and other District Court's within the Third Circuit have denied Rule 27 Petitions that are, like this one, fishing expeditions designed to obtain information to draft a complaint or in this case an Involuntary Bankruptcy Petition rather than to preserve or perpetuate testimony. *See, e.g., In re Tysmbal*, 2011 U.S. Dist. LEXIS 155673 at *41, *43 (D.N.J., Dec. 9, 2011), (Arpent, U.S.M.J.), *approved and adopted by In re Tysmbal*, 2012 U.S. Dist. LEXIS 98573 (D.N.J., July 16, 2012) (Wolfson, J.) (Rule 27 petition cannot be used for the purposes of ascertaining facts to be used in drafting a complaint;" "A Rule 27 petition is appropriate in situations when a petitioner can show that perpetuation of evidence is necessary to prevent the loss of testimony such that a petitioner must show that continued

---

[1] The viability of *Ash v. Cort* and its interpretation of the contours of pre-complaint discovery under Rule 27 was most recently confirmed by the Third Circuit in 2012. *See In Re Carl Whitehead,* 476 Fed. Appx. 281 (3d Cir. 2012).

delay in granting discovery is likely to result in a loss of evidence.") (citations omitted); *Robinson v. Briscoe*, 2010 U.S. LEXIS 86248 at 8*-*11 (D.N.J., Aug. 23, 2010) (Schneider, U.S.M.J.) (citing *Ash* in denying petitioner's request to take pre-complaint depositions because "they have not demonstrated that the requested testimony will be lost before they can formally conduct discovery. Nor have petitioners demonstrated that the depositions are necessary to prevent a failure or delay of justice") (citation omitted). To the same effect, *see In re Carl Whitehead*, 2011 U.S. Dist. LEXIS 7982 (E.D. Pa., Jan. 27, 2011) and *In re Chester County Elect., Inc.*, 208 F.R.D. 545, 547-48 (E.D. Pa. 2002).

The Petition sets forth in some detail the information he requires to commence an involuntary bankruptcy proceeding, but it makes no attempt to explain why this request is any different than seeking pre-complaint discovery to draft a complaint, rather than to preserve evidence. Without a particularized showing that the preservation of evidence is necessary to prevent a "failure or delay of justice," the Petition is deficient and must be denied. *See, In re Chester County Elect. Inc.*, 208 F.R.D. at 548 (*citing Ash*, 512 F.2d at 913) ("The motion was denied because the testimony was sought to draft a complaint, not perpetuate testimony, and if granted would have been an abuse of the Rule.").

Here, moreover, unlike any case Petitioner has cited, there is no question Weimin Hu has an alternate remedy – common law claims in a civil action such as those he has already asserted in New York. In a traditional civil litigation, however, the Petitioner would have to provide discovery also, including appearing, in person, for a deposition in the chosen forum. This possibility is one Petitioner's counsel candidly admitted he would prefer to avoid (Collins Decl.¶5).

The cases cited by Petitioner to support his assertion that pre-suit discovery is proper are not only readily distinguishable, they are not from within this Circuit and they bear no resemblance whatsoever to the facts asserted in his Petition. *In re Pacific Technology Corp. v. Ehrenwald,* 2000 U.S. Dist. LEXIS 15797 (S.D.N.Y. Oct. 31, 2000) involved the petitioners search for a "vitally important" "copy of a public record that should have been available … but has been lost by the USPTO and is in the Respondents' exclusive possession."  There, the Petitioner's sole recourse was to obtain a copy of the vitally important record from the respondent.

*In re Deiulemar Compagnia diNavigazione, S.P.A.,* 198 F.3d 473, 480-81 (4th Cir. 1999), held that the district court had not abused its discretion in granting a Rule 27 petition "[g]iven the time sensitive" and "evanescent nature of the evidence sought" -- the condition of a ship that was preparing to leave United States waters.  Similarly, *In re Kane County, Utah,* 2008 U.S. Dist. LEXIS 61950 (D. Ut., Aug. 13, 2008), approved pre-suit depositions of two individuals whose "advanced age, health concerns and risk of loss of memory" presented "a real concern that … vital historical testimony may be lost.".[2]

None of the factors present in any of those cases that led to the granting of the Petition is present here.  Instead, this Petition is designed to do precisely what the Circuit declared in *Ash* to be improper – obtaining evidence to formulate a new claim/complaint and not to preserve evidence that may be lost if not properly preserved.[3]

---

[2] *Bay City Middlegrounds Landfill Site v. Kuhlman Electric Corp.,* 171 F.3d 1044 (6th Cir. 1999) did not address the requirements adopted by the Third Circuit in *Ash v. Cort* and is thus not persuasive authority on which this Court should rely.
[3] The naked assertion in the Petition that Kaihua Cai is a flight risk (Petition ¶ 10) is not only offensive, but utterly and absolutely fictional.  Affidavit of Liman "Mimi" Hu ¶4.

| | |
|---|---|
| Dated:  December 13, 2013 | BOND, SCHOENECK & KING, PLLC |
| | |
| | By:     s/Michael P. Collins |
| | Michael P. Collins |
| | 330 Madison Avenue, 39th Floor |
| | New York, New York  10017-5001 |
| | Telephone:  (646) 253-2318 |
| | Fax:  (646) 253-2301 |
| | mcollins@bsk.com |
| | Attorneys for Respondents |

TO: PERKINS COIE LLP
Jeffrey D. Vanacore
30 Rockefeller Plaza, 22ndFloor
New York, NY 10112-0085
Tel.: (212) 262-6900
Fax: (212) 9771649
JVanacore@perkinscoie.com
Attorneys for Plaintiff